UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZOE MCKINNON, *individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> RESTORATION HARDWARE, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 4:21-cv-00605-SEP |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Zoe McKinnon's motion to remand this action to the Circuit Court of St. Louis County, Missouri. Doc. 18. The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

On March 11, 2021, Plaintiff initiated this action on behalf of herself and a putative class of Missouri residents who purchased products from Defendant Restoration Hardware during the five-year period prior to the filing of the Complaint and who were allegedly charged excess use tax. Doc. 1 ¶ 1; Doc. 2 ¶¶ 11, 25, 31. The facts, as alleged, are as follows: Missouri law requires retailers to charge a state use tax of 4.225%, combined with any local use tax, for remote sales that are shipped to Missouri purchasers from an out-of-state facility. Doc. 2 ¶ 24. The combined use tax for Plaintiff's St. Louis address is 5.725%, according to the Missouri Department of Revenue. *Id.* ¶ 29. Plaintiff purchased a towel set from Defendant's website. The set was shipped from Ohio to her Missouri address, and she was charged a 9.243% use tax. *Id.* ¶¶ 27, 28, 30. According to Plaintiff, Defendant has charged and continues to charge excess use tax for its remote sales to Missouri purchasers, and her situation is typical of the proposed class. *Id.* ¶ 25.

Defendant was served with Plaintiff's Complaint on April 26, 2021. Doc. 1 ¶ 2. On May 26, 2021, Defendant removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. Doc. 1. Defendant's Notice of Removal claims that this Court has jurisdiction over the matter pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). *Id.* ¶ 12.

1

Plaintiff filed a motion seeking remand on the grounds that Defendant's Notice fails to show that this case satisfies CAFA's amount-in-controversy requirement. Doc. 18 ¶ 4. During the pendency of this Motion, Plaintiff also filed notices of supplemental authority for two recent, related decisions from this district. Docs. 26, 27.[1]

## LEGAL STANDARD

Any action brought in state court over which the United States district courts have original jurisdiction may be removed to the district court in the jurisdiction where the action is pending. 28 U.S.C. § 1441(a). CAFA grants federal district courts original jurisdiction over class action lawsuits where, among other requirements, the amount in controversy exceeds $5 million. *City of O'Fallon v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013) (citing 28 U.S.C § 1332(d)(2)).

The removing defendant bears the burden of establishing federal jurisdiction, *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005)), but that burden is a pleading requirement, not a demand for proof. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019). "If the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). "When the notice of removal plausibly alleges that the class *might* recover . . . more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Id.* (emphasis in original) (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)). "A defendant can rely on specific factual allegations, combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations, but cannot rely on conjecture, speculation, or star gazing." *Gallagher v. Santander Consumer USA Inc.*, 2021 WL 2714101, at *2 (E.D. Mo. July 21, 2021) (cleaned up) (quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 646 (8th Cir. 2017) (*Waters II*)).

---

[1] Defendant moves to strike Plaintiff's notices, Doc. 28, or, in the alternative, grant Defendant leave to file its contemporaneously filed response thereto. *Id.* at 4. The Court grants Defendant's alternative relief and considers both parties' briefing.

2

Federal courts ordinarily "resolve all doubts about federal jurisdiction in favor of remand" and strictly construe removal statutes, *see Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)), but "no antiremoval presumption attends cases invoking CAFA," because the purpose of the statute was to expand federal jurisdiction for certain class actions. *Dart Cherokee*, 574 U.S. at 89 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); S. Rep. No. 109–14, at 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")); *see also* Stephen J. Shapiro, *Applying the Jurisdictional Provisions of the Class Action Fairness Act of 2005: In Search of a Sensible Judicial Approach,* 59 Baylor L. Rev. 77, 80 (2007) (citing S. Rep. No. 109-14, at 26–27 (2005)).

## DISCUSSION

Defendant claims that CAFA's $5 million amount-in-controversy requirement is satisfied by Plaintiff's claim for compensatory damages, attorneys' fees, and injunctive relief. Doc. 1 ¶¶ 15-28. Plaintiff argues that Defendant fails to establish CAFA's $5 million amount in controversy because the Notice does not plausibly allege the value of the requested injunctive relief. Doc. 18 ¶ 4; Doc. 19 at 6–7. The Court agrees.

The Notice estimates that the value of Plaintiff's claim for compensatory damages is $1,970,080, Doc. 1 ¶ 21, and that the value of Plaintiff's claim for attorneys' fees is $656,693.33, Doc. 1 ¶ 24. Assuming those estimates to be plausible, in order to reach CAFA's $5 million amount-in-controversy requirement, Defendant must rely on the value of Plaintiff's requested injunctive relief.[2]

---

[2] The Court notes that at least three other nearly-identical cases have been filed in this district by Plaintiff's counsel. *See Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484 (E.D. Mo. 2020); *Schott v. Overstock.com, Inc.*, 2021 WL 148875 (E.D. Mo. Jan. 15, 2021) (slip op.); *Lizama v. Victoria's Secret Stores, LLC*, 2021 WL 6125034 (E.D. Mo. Dec. 28, 2021) (slip op.). A motion to remand was filed in each of those cases as well. In two of those, *Waters* and *Schott*, remand was denied because the plaintiffs' claims for punitive damages put the amount in controversy above CAFA's $5 million threshold. *See Waters*, 446 F. Supp. 3d at 492-93; *Schott*, 2021 WL 148875, at *4-5. Neither case required the court to analyze the plaintiffs' requested injunctive relief. *See id.* After remand was denied in those two cases, the plaintiff in *Lizama* chose not to request punitive damages, *see* Case No. 4:21-cv-00763-HEA, Doc. 1-1 ¶ 88, even though the Missouri Merchandising Practices Act expressly authorizes such damages, *see* Mo. Rev. Stat. § 407.025, and the *Waters* and *Schott* courts found it plausible that similar claims for punitive damages could exceed $7,851,928 and $4,458,600 in those

3

The Notice alleges that the value of the injunction, which would permanently enjoin Defendant from continuing to charge the allegedly excessive use tax rate, is between $3,162,081.32 and $5,055,336.22. Doc. 1 ¶¶ 25, 27. To reach that figure, the Notice begins with the average annual amount of allegedly over-collected taxes over the five-year class period: $396,016. *Id.* ¶ 27. Projecting that annual average over the next 10-to-20 years and discounting at 5% per year, the Notice alleges that the present value of the taxes Defendant would have to forego collecting over the next 10 years is $3,162,081.32, and over the next 20 years is $5,055,336.22. *Id.* ¶ 26 (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011)).

As in *Lizama*, "[t]he flaw in Defendant's position arises in their argument with regard to the value of injunctive relief." *Lizama*, 2021 WL 6125034, at *3. Defendant's calculations do not reflect the value of the injunction from the plaintiff's point of view, because they calculate future foregone taxes based on Defendant's future sales not just to the putative class members but also to future *non-class members*. Defendant cannot plausibly allege that the putative class members—that is, Missouri residents who have purchased an item from Restoration Hardware *within the last five years*—will purchase items of similar value at a similar rate over the upcoming 10 to 20 years. Rather, Defendant's calculation considers the aggregate future sales to *all* Missouri purchasers, regardless of their affiliation to this action. Thus, what Defendant's calculation actually approximates is the effect of the injunction from

---

cases, respectively. *See Waters*, 446 F. Supp. 3d at 492; *Schott*, 2021 WL 148875, at *4. Therefore, in *Lizama*, the value of the requested injunctive relief determined whether the amount in controversy exceeded $5 million, and the court concluded that defendant had not made a sufficient showing in that regard. *See Lizama*, 2021 WL 6125034, at *4.

Although this Court acknowledges that CAFA is to be read broadly in order to expand federal jurisdiction over interstate class actions and prevent attorneys from "gaming the system," *see Dart Cherokee*, 574 U.S. at 89 (citing *Standard Fire*, 568 U.S. at 595; S. Rep. No. 109–14, at 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")); *see also* Shapiro, *Applying the Jurisdictional Provisions of the Class Action Fairness Act of 2005: In Search of a Sensible Judicial Approach,* 59 Baylor L. Rev. at 78-79 (citing S. Rep. No. 109-14, at 26–27 (2005)); S. Rep. No. 109-14, at *4 (pre-CAFA "law enable[d] lawyers to 'game' the procedural rules and keep nationwide or multi-state class actions in state courts . . . ."), the Court also notes that, like Mr. Lizama, Ms. McKinnon, as the master of her complaint, *see M. Nahas & Co., Inc. v. First Nat. Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991), has chosen not to seek punitive damages. *See* Doc. 2 ¶ 74. Thus, as in *Lizama*, this Court's jurisdiction depends on the value of the requested injunctive relief.

4

the point of view of the Defendant, as the injunction would effectively prevent Defendant from collecting taxes from all future purchasers, whether they are class members or not.

The Eighth Circuit did at one time approve of considering either party's viewpoint in assessing the amount in controversy in a class action. *See Cowell v. City Water Supply Co.*, 121 F. 53, 57 (8th Cir. 1903); *Elliot v. Empire Nat. Gas Co.*, 4 F.2d 493, 500 (8th Cir. 1925); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814-15 (8th Cir. 1969) (*dictum*); *Hedberg v. State Farm Mut. Automobile Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965). But after the Supreme Court's reinforcement of the non-aggregation rule[3] in *Snyder v. Harris*, 394 U.S. 332, 336 (1969), the Eighth Circuit began applying a strict plaintiff-viewpoint rule in class actions. *See Mass. St. Pharm. Ass'n v. Fed. Prescription Serv.*, 431 F.2d 130, 132 n.1 (8th Cir. 1970) (relying on *Snyder*, 394 U.S. at 336); *see also Trimble v. Asarco, Inc.*, 232 F.3d 946, 960-62 (8th Cir. 2000) (relying on *Snyder*, 394 U.S. at 336); *Smith v. Am. States Preferred Ins. Co.*, 249 F.3d 812, 813-14 (8th Cir. 2001) (citing *Mass. St. Pharm.*, 431 F.2d at 132; *Trimble*, 232 F.3d at 960-62); *Waters v. Ferrara Candy Co.*, 2017 WL 2618271, at *4 (E.D. Mo. June 16, 2017) (citing *Mass. St. Pharm*, 431 F.2d at 132; *Trimble*, 232 F.3d at 960-62; *Smith*, 249 F.3d at 813-14). Since 1970, district courts in this circuit have thus acknowledged that "[t]he traditional rule in the Eighth Circuit is that value is judged solely from the plaintiff's viewpoint in determining the amount in controversy." *See, e.g.*, *Waters*, 2017 WL 2618271, at *4.

CAFA, enacted in 2005, rejects the non-aggregation rule in its plain text: "In any class action, the claims of the individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000[.]" 28 U.S.C. § 1332(d)(6) (emphasis added). A number of district courts in this circuit and others have concluded that CAFA's text mandates a return to a pre-*Snyder*, party-neutral understanding of "matter in controversy." *See, e.g.*, *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159-60 (C.D.

---

[3] "When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount." *Troy Bank v. G. A. Whitehead & Co.*, 222 U.S. 39, 40 (1911). "In a class action where the aggregate amount of damages to the class exceeds $10,000, the value of the thing to be accomplished by the action, (judgment for the aggregate amount) as to the defendant exceeds the jurisdictional amount. The Court in *Snyder* does not recognize the presence of the jurisdictional amount in that situation." *Mass. St. Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 (8th Cir. 1970) (internal citation omitted).

Cal. 2013) ("The reason for the prohibition on the [either-party-viewpoint] rule having vanished, the rule should continue to be used to measure the value of the thing sought to be accomplished by the action.") (internal quotation marks and citation omitted); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930 (E.D. Ark. 2008) (CAFA's "provision requiring aggregation of the plaintiffs' claims is inconsistent with the old rule that required that the amount in controversy be viewed solely from the plaintiff's viewpoint.").[4] Having reviewed those opinions, the Court acknowledges that there are strong arguments in favor of adopting the either-party-viewpoint rule in assessing the value of injunctive relief in a CAFA case. Still, the Court declines to take a position on that contested issue, because it would not affect the outcome of this case.[5]

---

[4] *See also Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849-50 (S.D. Iowa 2013) (citing *Toller*, 558 F. Supp. 2d at 927); *Am. Tiger Firearms, LLC v. Facebook, Inc.*, 2019 WL 7833951, at *1 (E.D. Ark. Aug. 1, 2019) (citing *Toller*, 558 F. Supp. 2d at 930); *Berry v. Am. Express Pub. Corp.*, 381 F. Supp. 2d 1118, 1123 (C.D. Cal. 2005).

*Compare Snow v. Ford Motor Co.*, 561 F.2d 787, 789-90 (9th Cir. 1977) (relying on *Snyder* and concluding that the non-aggregation rule mandated the use of the plaintiff-viewpoint test in class actions), *and In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 960-61 (9th Cir. 2001) (citing *Snyder* and *Snow* and finding that the amount in controversy was not met under the plaintiff-viewpoint test), *with Int'l Padi, Inc. v. Diverlink*, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) (post-CAFA decision that applied the either-party-viewpoint test) *and Anderson v. Seaworld Parks & Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1161-62 (N.D. Cal. 2015) (rejecting *In re Ford Motor Co.*'s plaintiff-viewpoint test in favor of *Int'l Padi*'s return to the either-viewpoint test).

*Compare Hill v. Hom/Ade Foods, Inc.*, 136 F. Supp. 2d 605, 608-09 (5th Cir. 2000) (applying a "strict plaintiff-viewpoint rule"), *with Thompson v. Louisiana Regional Landfill Co.*, 365 F. Supp. 3d 725, 730 (E.D. La. 2019) (finding jurisdiction existed in CAFA case because the amount in controversy was satisfied when viewed "from the defendant's viewpoint").

*Compare Ericsson GE Mobile Comms., Inc. v. Motorola Comms. & Electronics, Inc.*, 120 F.3d 216, 219 (11th Cir. 1997) ("this circuit has adopted the plaintiff-viewpoint rule"), *with Bernstein v. JP Morgan Chase & Co.*, 2009 WL 10699864, at *4 (S.D. Fla. Aug. 4, 2009) ("Under CAFA, courts are also able to determine the amount in controversy by looking at defendant's potential losses").

*See also Pagel*, 986 F. Supp. 2d at 1159-60 ("The "either viewpoint" rule is not used in diversity class actions because it would subvert the anti-aggregation rule. It does not follow that the "either viewpoint" rule is prohibited in CAFA cases. The opposite is true[.]") (citations omitted).

[5] The Eighth Circuit has acknowledged the disagreement without resolving it. *See Waters v. Ferrara Candy Co.*, 873 F.3d 633, 646 (8th Cir. 2017) ("We need not resolve the issue of whether courts should apply the plaintiffs' viewpoint rule or the either viewpoint rule when determining the amount in controversy under CAFA because Ferrara did not meet its burden under either rule.").

6

Even if the Court were to adopt the either-party-viewpoint test—and therefore assess the value of the requested injunction according to what Defendant stands to lose, rather than what Plaintiff stands to gain—the Court still could not find that it has jurisdiction in *this* case, because Defendant here does not plausibly allege any prospective losses. In fact, Defendant rejects the idea that it stands to "lose" anything, "considering that taxes are collected for the benefit of the State of Missouri." Doc. 22 at 10. There may be an argument to make that the appropriate measure of an injunction in a case like this one—i.e., where the defendant denies being the beneficiary of allegedly ill-gotten gains—is the amount that the ultimate recipient of those gains stands to lose as a result of the requested injunction. But if there is, Defendant has not made it. Rather, as in *Lizama*, Defendant has "not presented any authority that an award of injunctive relief analysis should include Defendant's *inability to collect future taxes*." *Lizama*, 2021 WL 6125034, at *4 (emphasis added). Therefore, the Court finds Defendant's proposed valuation of the requested injunction implausible.

Because Defendant's Notice does not plausibly allege that the amount in controversy exceeds $5 million, this Court does not have subject matter jurisdiction over this action. *See* 28 U.S.C. § 1332(d); *Pirozzi*, 938 F.3d at 984.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. [18]) is **GRANTED**. A separate Order of Remand shall be filed herewith.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. [28]) is **GRANTED in part**. The Court grants Defendant leave to file its contemporaneously filed response to Plaintiff's notices of supplemental authority.

Dated this 31st day of March, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

7